UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANTHONY R. NORMAN,

    Plaintiff,

v.                                              Case No. 8:18-cv-2183-T-30-SPF

FLORIDA DEPARTMENT OF REVENUE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*. Upon review of Plaintiff's Complaint (Doc. 1) and Plaintiff's request to proceed *in forma pauperis*, it is recommended that Plaintiff's request be denied, and the Complaint dismissed.

### I. BACKGROUND

Plaintiff Evanthony R. Normal, proceeding *pro se*, filed suit against the Florida Department of Revenue. While not entirely clear, it appears Plaintiff is seeking a modification or cancelation of his child support payment obligations (Doc. 1 at 1) and reimbursement of past payments (*Id*. at 6). Plaintiff alleges that the Florida Department of Revenue Child Support Program ("FDOR") failed to consider his living conditions and lack of financial means to pay his child support obligations. Plaintiff further contends that by ordering Plaintiff to pay child support back pay, the FDOR violated his due process rights under the Fifth and the Fourteen Amendment of the United States Constitution (*Id*. at 3). Finally, Plaintiff alleges that he was incarcerated for failure to pay child support in violation of the Thirteen

1

Amendment of the Federal Constitution (*Id*. at 4). Plaintiff seeks to proceed with suit *in forma pauperis*.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). In addition, federal courts, like this one, are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction sua sponte whenever it may be lacking. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *see Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

### A.  Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction. While Congress has authorized diversity jurisdiction over suits between "citizens of different States," 28 U.S.C. § 1332(a)(1), that authorization does not extend to suits between a state and a citizen of another state because "a state is not a citizen of a state." *Univ. of S. Fla. Bd. of Trustees v. CoMentis, Inc.*, 861 F.3d

1234, 1235 (11th Cir. 2017).  The same is true for a public entity or political subdivision of a state if the entity or division is simply an arm or alter ego of the State.  *Id.*  The Defendant, FDOR, clearly falls within this category.[1]

In addition, federal courts have historically applied a domestic relations exception to limit their jurisdiction, refusing to entertain cases otherwise within their diversity jurisdiction.  This exception applies to cases involving "divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."  *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988).  In the Eleventh Circuit, however, the domestic relations exception, only applies "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Id.* at 371.  Plaintiff allegations regarding his financial ability to pay child support presents such a domestic factual dispute.  *See Azevedo v. Fla. Dept. of Revenue Child Support Customer Services*, 617CV1304ORL37GJK, 2017 WL 5178486, at *3 (M.D. Fla. Oct. 19, 2017), *report and recommendation adopted*, 617CV1304ORL37GJK, 2017 WL 5158406 (M.D. Fla. Nov. 7, 2017) (applying the exception to a plaintiff's action challenging the establishment of his paternity and his child support obligation).

Moreover, while Plaintiff asserts constitutional violations, the *Rooker–Feldman* doctrine limits this Court's jurisdiction.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).  With the exception of the United States Supreme Court, the doctrine provides that no federal court has the authority to review final judgments of state courts.  *Siegel v. LePore*, 234 F.3d 1163, 1172

---

[1] Even if FDOR were not an arm of the State for Florida, diversity jurisdiction would be lacking as Plaintiff appears to be a citizen of Florida. (Doc. 1 at 6).

3

(11th Cir.2000) (en banc). The *Rooker–Feldman* doctrine extends to either constitutional claims presented or adjudicated by a state court or claims that are "inextricably intertwined" with a state court judgment." *Id.* "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.*

In *Staley v. Ledbetter*, the Eleventh Circuit held that the *Rooker–Feldman* doctrine deprived the district court of jurisdiction over a plaintiff's section 1983 claim in which she requested "reinstatement of parental custody and psychiatric care at state expense for her children and herself" based on alleged violation of the Equal Protection and Due Process Clauses. 837 F.2d 1016, 1017 (11th Cir.1988). The Eleventh Circuit held that: "no federal subject matter jurisdiction existed in this case [because, in] effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights." *Id.* at 1017–18. Succinctly put, "federal courts are not a forum for appealing state court decisions." *Id.* at 18.

To the extent that Plaintiff's Complaint can be construed as challenging a pending enforcement action against him, it would be barred by the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37, 91 (1971). The *Younger* doctrine bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (internal citations omitted); *see Pompey v. Broward County*, 95 F.3d 1543, 1545 (11th Cir.1996) (Finding abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement

proceedings on Sixth and Fourteenth Amendment grounds.)   The "ability to collect child support payments is an important state interest." *Adams v. State of Fla.*, 185 F. App'x. 816, 816–17 (11th Cir. 2006) (unpublished) (affirming the dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under the *Younger* doctrine).   Plaintiff has not shown that he is prevented from raising his constitutional challenges in state court. *See Cormier v. Green*, 141 F. App'x. 808, 813–14 (11th Cir. 2005) (unpublished) (stating that plaintiff had the burden of showing that the state proceedings did not provide an adequate remedy for his federal claims).

Finally, to the extent that Plaintiff is seeking to recover monetary damages from the FDOR, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the state agency in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Harden v. Adams*, 760 F.2d 1158, 1163-64 (11th Cir. 1985).  As a result, Plaintiff's claims for monetary damages are essentially claims against the State of Florida, and as such, they barred by the Eleventh Amendment.  *See Turbeville v. Office of Child Support Enforcement,* No. 5:07cv195/RS/EMT, 2007 WL 2728367, *3 (N.D. Fla. Sep. 17, 2007) (stating that "to the extent [p]laintiff seeks monetary damages against the CSE Office of the Florida Department of Revenue, his claims are barred by the Eleventh Amendment").

### B.  Failure to State a Claim

Dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citation omitted). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). However, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Plaintiff's Complaint fails to state a cause of action for violation of Plaintiff's due process rights under the Fifth Amendment as extended to the State of Florida through the Fourteen Amendment of the Constitution. The Due Process Clause of the Fourteenth Amendment provides two categories of constitutional protection: procedural due process and substantive due process. *Burlison v. Rogers*, 311 Fed. Appx. 207, 208–09 (11th Cir. 2008) (unpublished). Although it appears Plaintiff's claim is more akin to a procedural due process challenge, it is impossible to determine from the text of the Complaint what specific actions prevented Plaintiff from receiving notice and an opportunity to be heard before an order enforcing the payment of child support was issued. *See Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County,* 279 F.3d 1316, 1322 (11th Cir. 2002) (stating that procedural due process "requires that a private citizen be given notice and an opportunity to be heard before a government official seizes his property."). In other words, Plaintiff failed to provide factual support for his claim.

Likewise, Plaintiff has failed to state a cause of action under the Thirteenth Amendment. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime . . . shall exist within the United States . . . ." U.S.

Const. Amend XIII, § 1.  Child support is not the type of subject matter the Thirteenth Amendment was designed to address because the FDRO does not employ the use of physical or legal coercion to force petitioner into involuntary servitude.  *See Greenberg v. Zingale*, 138 F. App'x. 197, 200 (11th Cir. 2005) (unpublished) (finding that an order to pay alimony does not violate the Thirteenth Amendment because sanctions for the non-payment of Alimony, such as being held in contempt of court, do not amount to involuntary servitude).  Therefore, Plaintiff has failed to state a viable claim under the Thirteenth Amendment.

As detailed above, Plaintiff's Complaint contains several legal defects which prohibit Plaintiff's claims from going forward in this Court.  Consequently, it is hereby

**RECOMMENDED:**

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) be denied.
2. Plaintiff's Complaint (Doc. 1) be dismissed.

It is so REPORTED, in Tampa, Florida, on September 24, 2018.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit and waives that party's right to challenge anything to which no specific objection was made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; Local Rule 6.02.

cc: Hon. James S. Moody
 Plaintiff, *pro se*